# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2245

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Stewart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 15, 2019
Filed: March 6, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Randy Stewart, who was found incompetent to proceed under 18 U.S.C.§ 4241(d) on charged violations of his supervised-release conditions, appeals

the district court's[1] order civilly committing him under 18 U.S.C. § 4246, which provides for the hospitalization of a person who is found--by clear and convincing evidence after a hearing--to be suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002). For reversal, Stewart challenges the sufficiency of the evidence justifying his commitment.

Having reviewed for clear error the district court's factual determinations, see id., we affirm. Specifically, the district court's commitment order is supported by the opinions of the mental health experts who assessed Stewart at the United States Medical Center for Federal Prisoners in Springfield, Missouri--where he is presently confined for treatment--and the opinion of the independent psychological examiner that Stewart is suffering from a serious mental illness such that he meets the criteria for section 4246 commitment, in part because of his history of delusions and paranoid beliefs, his recent aggressive behaviors, his lack of insight into his mental condition and his need for medication, his failure to remain medication-compliant while in the community, and his continuing delusions about threats against his life despite medication compliance. See Williams, 299 F.3d at 676-78; United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994) (listing suggested factors in determining potential dangerousness). We note that the Attorney General must continue its efforts to place Stewart in a suitable state facility and prepare annual reports concerning his condition and the need for continued commitment. See 18 U.S.C. §§ 4246(d), 4247(e)(1)(B).

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.